UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

LAUREN VARALLO,

    Plaintiff,

v.

TOWN OF NANTUCKET - POLICE
DEPARTMENT and JAMES SAMSON,

    Defendants.

MAGISTRATE JUDGE _____ CIVIL ACTION
NO:

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7/21/05

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343(a)(1) - (4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide related matters arising under state law where applicable in this matter.

**PARTIES**

2. Plaintiff Lauren Varallo ("the plaintiff," "Lauren" or "Ms. Varallo") is an individual residing at 130 Glenwood Road, Ridgewood, New Jersey who, at the time of the incident giving rise to this action, was residing at 16 Galen Avenue, Nantucket, Massachusetts.

3. Defendant Town of Nantucket ("Town of Nantucket") is a municipality of the Commonwealth of Massachusetts and owns, operates, manages, supervises, hires, employs, funds, directs and controls the Nantucket Police Department and all of the department's employees, officers and supervisors. Presentment pursuant to Mass. Gen. L. c. 258 was properly made. The Town has not responded.

4. Defendant James Samson ("Officer Samson" or "Samson") was at all times relevant to this action an Officer of the Nantucket Police Department and was acting under the color of the law. Officer Samson is being sued in both his individual and official capacities.

## **COUNT I**

5. In the mid-evening hours of July 21, 2002, Lauren Varallo returned to her family's home on Nantucket from a beach party. She was discovered a short time later bleeding from superficial, but apparently self-inflicted, cuts to her left wrist and was taken immediately by her mother to Nantucket Cottage Hospital.

6. Concerned for her daughter's safety and well-being, Lauren's mother agreed with the hospital's medical staff that Lauren should be held overnight for observation in protective custody. Shortly after midnight on July 22, 2002, Lauren was placed in the protective custody of a male, off-duty police officer defendant of the Town of Nantucket Police Department named James Samson.

7. Officer Samson appeared too young to be a "regular" officer and, in fact, was approximately the same age as Lauren who, two weeks earlier, had just turned twenty-years old. Neither Lauren nor her family were consulted about the placement of a male police officer in her hospital room.

8. Between mid-night and approximately 5:15 AM on July 22, 2002, Lauren awoke various times to find her bed covers pulled down. She ultimately awoke at about 5:15 AM to find her bed covers pulled almost completely off her person, her hospital gown pulled up, while Officer Samson sexually assaulted her. When Officer Samson realized that Lauren had awakened and was aware of what he was doing, he quickly pulled away.

9. Lauren immediately left her bed and room, followed closely by Officer Samson, and went to the nurses station, requesting to speak alone to the floor nurse. After learning of Officer Samson's assault on her patient, the nurse immediately ordered him to leave the premises and then notified Lauren's parents of the assault.

10. Nantucket Police Department failed or refused to take a written statement from Ms. Varallo following the incident. Its officers repeatedly insisted that Ms. Varallo "really think about this before making any accusations" and whether "she was sure she wanted to do this." The Massachusetts State Police was later brought in to investigate the incident; nevertheless, several days or even weeks following the incident, Officer Samson was seen on duty at Broad Street in Nantucket having received no discipline of consequence.

11. However, as a result of the investigation by the Massachusetts State Police, Officer Samson was later properly charged with rape and indecent sexual assault and battery. The criminal process against Officer Samson remains pending. It is plaintiff's understanding and belief that Officer Samson had been known to others, including one or more members of the Nantucket Police Department, to have engaged in other improper sexual conduct in the Town.

## COUNT II

12. Plaintiff hereby realleges paragraphs 1-11 of this complaint as though fully set forth herein.

13. As a direct and proximate result of the wrongful conduct of Officer Samson and his assault and battery upon the plaintiff, Ms. Varallo was subjected to injury, humiliation, intimidation and improper interference with her person. Further, Officer Samson's awareness of the unlawfulness of his conduct make such acts intentional, malicious, reckless and in bad faith.

14. As a direct and proximate result of Officer Samson's actions, Ms. Varallo suffered and continues to suffer severe mental anguish, psychological and emotional distress with physical side effects and pain and suffering, some or all of which may be permanent and has required medical and psychological treatment.

15. As a direct and proximate result of Officer Samson's actions, Ms. Varallo was deprived of her Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment or treatment and/or "right to be free from conduct of a state official acting with particular malice, recklessness or indifference." In addition, Ms. Varallo was deprived of her Fourteenth Amendment right to equal protection under the law when a defendant acts with a "particular animus or intent" and of rights under the Declaration of Rights and laws of the Commonwealth of Massachusetts and well as other violations of her Constitutional rights.

WHEREFORE, the plaintiff demands judgment against defendant James Samson for the unlawful touching, rape, sexual assault, violations of her person and constitutional rights and other wrongs inflicted upon the person of Ms. Lauren Varallo in an amount that will fully and fairly compensate her, together with interest, attorneys fees and costs.

## COUNT III

16. Plaintiff hereby realleges paragraphs 1-15 of this complaint as though fully set forth herein.

17. The Town of Nantucket, as a matter of policy and practice, has with deliberate indifference failed or refused to adequately hire, supervise, train, assign and otherwise direct police officers concerning the rights of citizens, thereby causing, tolerating, allowing and/or tacitly encouraging defendant Officer Samson to engage in the unlawful conduct described above.

18. The Town of Nantucket, as a matter of policy and practice, has with deliberate indifference failed or refused to properly sanction and/or discipline police officers, including the defendant in this case, for violations of constitutional and civil rights, thereby causing,

tolerating, allowing and/or tacitly encouraging police, including the defendant Officer Samson to engage in unlawful conduct.

19. The Town of Nantucket, as a matter of policy and practice has with deliberate indifference failed or refused to properly sanction or discipline police officers, including the defendant Officer Samson and other police officers, who are aware of and subsequently conceal violations and evidence of violations of the constitutional rights of citizens by police officers, thereby causing and encouraging the police, including the defendant Officer Samson, to engage in unlawful conduct.

20. The Town of Nantucket, as a matter of policy and practice has with deliberate indifference failed or refused to promulgate, implement and./or follow standard rules, policies and/or procedures for the proper assignment and supervision of officers to protective custody duty and the conduct of protective custody by those officers while on duty.

21. Both the actions of the defendant Town of Nantucket Police Department and of Officer Samson, acting under the color of state law, deprived Ms. Varallo of her right to be free from cruel and unusual punishment and/or "right to be free from conduct of a state official acting with particular malice, recklessness or indifference," of her right to equal protection under the law when a defendant acts with a "particular animus or intent," and of her rights under the Declaration of Rights and laws of the Commonwealth of Massachusetts.

22. By these actions, the defendants have deprived Ms. Varallo of rights secured by the Declaration of Rights of the Commonwealth of Massachusetts as well as of the United States Constitution, in violation of 42 U.S.C. §1983.

WHEREFORE, the plaintiff demands judgment against defendant James Samson for the unlawful touching, rape, sexual assault, violations of her person and constitutional rights and other wrongs inflicted upon the person of Ms. Lauren Varallo in an amount that will fully and fairly compensate her, together with interest, attorneys fees and costs.

## COUNT IV

23. Plaintiff hereby realleges paragraphs 1-22 of this complaint as though fully set forth herein.

24. To the extent applicable, the acts and conduct of the defendants alleged above also constitute the following wrongs to the plaintiff Lauren Varallo: (a) assault and battery; (b) outrageous conduct; (c) intentional infliction of emotional distress; (d) invasion of privacy; (e) negligence; (f) gross negligence; (g) recklessness; (h) negligent infliction of emotional distress; (i) negligent hiring; (j) negligent retention; and (k) negligent supervision.

WHEREFORE, the plaintiff demands judgment against defendant James Samson for the unlawful touching, rape, sexual assault, violations of her person and constitutional rights and other wrongs inflicted upon the person of Ms. Lauren Varallo in an amount that will fully and fairly compensate her, together with interest, attorneys fees and costs.

WHEREFORE, as to all counts, the plaintiff requests the following relief:

    a.    Compensatory damages;
    b.    Punitive damages;
    c.    Reasonable attorneys fees, interest and costs; and
    d.    Such other and further relief as appears reasonable and just.

### JURY DEMAND

The plaintiff hereby makes a demand for a trial by jury on each claim asserted or hereafter asserted by the plaintiff and on each defense asserted or hereafter asserted by the defendant.

    The Plaintiff,
    By her Attorneys

    MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.

    Peter J. Black, BBO No. 044407
    Bradley M. Henry, BBO No. 559501
    Two Center Plaza, Suite 600
    Boston, MA 02108
    (617) 523-8300

DATED: 21 July 05