UNITED STATES DISTRICT
COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAUREN VARALLO,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION<br>NO.: 05-11547 RWZ |
| TOWN OF NANTUCKET -<br>POLICE DEPARTMENT and<br>JAMES SAMSON | )<br>)<br>)<br>) | |

ANSWER OF JAMES SAMSON

Answering the numbered paragraphs in Plaintiff's complaint, Defendant James Samson responds as follows:

1. No response required.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and calls upon Plaintiff to prove same.

3. Defendant admits the allegations contained in the first sentence of the paragraph but has no knowledge of the truth of the remaining averments of said paragraph.

4. Admitted

5. Repeat 1

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of said paragraph. Defendant denies the allegations contained in the second sentence of said paragraph.

7. Repeat 1

8. Denied

9. Denied

10. Repeat 1

11. All allegations contained in said paragraph are denied save the allegation that Defendant was charged with the crime; further answering Defendant admits that he was compelled to plead guilty to the charge of sexual assault.

12. Defendant restates his responses to paragraph 1-11.

13. Denied

14. Denied

2

15. Denied

16. Defendant restates his responses to paragraphs 1-15.

17. Denied

18. Repeat 1

19. Denied

20. Repeat 1

21. Denied

22. Denied

24. Denied

First Affirmative Defense

Plaintiff's complaint is barred by the applicable statute of limitations.

Second Affirmative Defense

James Samson was at all relevant times employed by the Defendant Town of

3

Nantucket Police Department which is responsible for Plaintiff's damages if any.

## CROSS-CLAIM

1. Plaintiff in cross-claim is Defendant James Samson.

2. Defendant in cross-claim is Defendant Town of Nantucket Police Department.

## COUNT I

3. In the period in question in Plaintiff's complaint, James Samson was employed as a special summer police officer for the Town of Nantucket Police Department.

4. The Town of Nantucket Police Department at the time of the incident set out in Plaintiff's complaint assigned James Samson to his post at the hospital where the Plaintiff was being treated.

5. The officers of the Town of Nantucket Police Department gave James Samson no guidance or training as to the manner in which he should perform his duties while stationed at the hospital at the time at issue in Plaintiff's complaint.

6. No person working at the Town of Nantucket Police Department in charge of James Samson warned James Samson of the potential of the Plaintiff herein bringing any claim against James Samson.

7.  No person working at the Town of Nantucket Police Department in charge of James Samson gave James Samson any guidance or direction as to any methods he should employ to guard against the potential of any claim being made against him by the Plaintiff in this action.

8.  The officers of the Town of Nantucket Police Department at the time they assigned James Samson to his duties in the hospital at which Plaintiff was a patient knew or should have known that James Samson was a special summer police officer, was untrained and was naive, and also they knew or should have known that the Plaintiff here had the potential to make claims against James Samson.

9.  Despite officers of the Town of Nantucket Police Department knowing or being on notice of the potentiality of a claim being made against him, the officers of the Town of Nantucket Police Department simply sent James Samson to his post watching the Plaintiff without any guidance or supervision or advice as to the manner in which James Samson should conduct his duties.

10. In fact the Plaintiff here claimed that James Samson raped her.

11. The Town of Nantucket Police Department rather than giving James Samson effective assistance in defending against or contesting the Plaintiff's claim, failed to provide him with assistance which it should have provided to him.

12. James Samson has been injured by the failure of the Town of Nantucket Police Department to provide him with supervision and/or guidance.

## COUNT II

13. James Samson Plaintiff in cross-claim repeats the allegations contained in the foregoing paragraphs 1 through 12 of his cross-claim as if set out here in their entirety.

14. James Samson was an employee of the Town of Nantucket Police Department.

15. James Samson's employer the Town of Nantucket Police Department failed to carry out its contractual duties owed to James Samson both prior to the incident of which Plaintiff complains in her complaint and following the incident.

16. The actions of the Town of Nantucket Police Department in failing to supervise and/or warn James Samson and then failing to aid James Samson to aid his defense to the Plaintiff's charges against him have caused James Samson damage resulting from the Town of Nantucket Police Department's breach of its contractual obligations to James Samson.

## COUNT III

17. James Samson restates the allegations contained in the foregoing paragraphs 1 through 16 of this cross-claim.

18. The Town of Nantucket Police Department owed a duty to James Samson to act with reasonable care in assigning James Samson duties and in dealing with the claims made against James Samson by the Plaintiff herein.

19. The Town of Nantucket Police Department failed to fulfill its duties owed to James Samson resulting in damage to him.

Wherefore James Samson seeks judgment in cross-claim against the Town of Nantucket Police Department in the amount of any damage assessed against James Samson by the Plaintiff herein.

James Samson
By his attorney

Philip Slotnick BBO #466960
Shocket & Dockser, LLP
6 Huron Drive
P.O. Box 2219
Natick, MA 01760
508-653-0160

## CERTIFICATE OF SERVICE

I certify this December 12, 2005 I mailed copies of the foregoing to Plaintiff's Attorney Bradley M. Henry, Esq., Meehan, Boyle, Black & Fitzgerald P.C., Two Center Plaza, Suite 600, Boston, MA 02108-1922 and to the Attorney for Town of Nantucket Police Department, Douglas I. Louison, Esq., Merrick, Louison & Costello LLP, 67 Batterymarch St., Boston, MA 02110.

Philip Slotnick