UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-111547RWZ

LAUREN VARALLO
    Plaintiff,

v.

TOWN OF NANTUCKET POLICE
DEPARTMENT and JAMES SAMSON,
    Defendant,

## DEFENDANT, TOWN OF NANTUCKET'S L.R. 56.1 STATEMENT OF UNDISPUTED FACTS

The defendant, Town of Nantucket, submits the following as its statement of undisputed facts for the purposes of their summary judgment motion.

1. On July 21, 2002, the plaintiff, Lauren Varallo, was transported to the Nantucket Cottage Hospital by ambulance following a 911 call by her parents. The plaintiff had inflicted wounds to herself while at home. See deposition of Lauren Varallo, pages 15-17, Exhibit "A", report of investigation by State Police dated July 31, 2002, Exhibit "B" and ambulance run sheet, Exhibit "C".

2. The 911 call was handled by the Town of Nantucket dispatch and the Fire Department ambulance was dispatched to the plaintiff's residence. See Deposition of John D. Welch, pages 34-38, Exhibit "D".

3. The plaintiff was admitted by hospital staff for observation for intoxication and for major depression.. Admission time was approximately 12:30 a.m. See Nantucket Cottage Hospital records, Exhibit "E"

4. Nursing personnel from Nantucket Cottage Hospital contacted the Nantucket Police Department on two occasions to arrange for a police detail to assist in the observation of the plaintiff at the hospital. See deposition of Christine Lander, pages 21-32, Exhibit "F" and dispatch tape, Exhibit " K "

5. Nantucket Cottage Hospital is a small regional hospital with no security staff. The hospital on occasion, contacts the Nantucket Police Department for assistance with patients. Said assistance could range from helping moving a heavy patient to observation

of a patient.  See deposition of Charles Gibson, pages 20-24, Exhibit "G"

6. The Nantucket Police Department from time to time has placed individuals in protective custody/arrest and transported them to Nantucket Hospital for observation and/or medical treatment.  These individuals are in police custody.  See deposition of Charles Gibson, pages 25-30, Exhibit "G"

7. Sgt. Christine Lander attempted to fill the detail request with full time officers, a female summer specialist but could not find anyone to go on the detail.  See deposition of Christine Lander, pages 42-50, Exhibit "F", report, Exhibit "H" and deposition of James Samson, pages 28-30, Exhibit "I".

8. Details are generally filled by going down a detail list which contains officers names based on seniority.  See deposition of Charles Gibson, pages 20-24, Exhibit "G"

9. If the department is unable to fill a position using full time staff, summer officers are used to fill a position.  See deposition of Charles Gibson, pages 64-67, Exhibit "G"

10. Then summer police officer, James Samson, came into the station and volunteered to fill the detail assignment at the hospital.  He arrived at the hospital at about 2:30 a.m. See deposition of Christine Lander, pages 42-50, Exhibit "F",  Lander  report, Exhibit "H", and Nantucket Hospital flow sheet, Exhibit "E"

11. The plaintiff was never placed in protective custody by the Nantucket Police Department but, was a patient of the hospital.  The defendant, James Samson was never informed that the plaintiff was in protective custody but rather, that she [plaintiff] was under a watch because she tried to harm herself. See deposition of Charles Gibson, pages 24-33, Exhibit "G" and deposition of James Samson, pages 77-79, Exhibit "I".

12. The defendant, James Samson had received greater training than was generally required to hold the position as a summer reserve police officer.  Samson had attended the Massachusetts  Reserve Officer Criminal Justice Training Council Academy.  See deposition of Charles Gibson, pages 49-54, Exhibit "G" and official transcript from the Massachusetts Municipal Police Training Committee.  Exhibit "J".

13. Prior to hiring, candidates for summer reserve positions are interviewed, submit an application and criminal history checks are conducted.  See deposition of Charles Gibson, pages 49-51, Exhibit "G"

14. The defendant, James Samson, was a productive officer during his tenure with no criminal history and had completed the Reserve Officer Criminal Justice Training Council Academy.  See deposition of Charles Gibson, pages 49-52, Exhibit "G"

The defendant, Town of Nantucket,

By its attorneys,

 /S/ Douglas I. Louison
Douglas I. Louison BBO#545191
James W. Simpson, Jr. BBO#634344
Merrick, Louison & Costello, LLP.
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305