UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-111547RWZ

LAUREN VARALLO
    Plaintiff,

v.

TOWN OF NANTUCKET POLICE
DEPARTMENT and JAMES SAMSON,
    Defendant,

### DEFENDANTS, TOWN OF NANTUCKET POLICE DEPARTMENT[1] MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT

**I.    STATEMENT OF THE CASE**

The plaintiff has brought the instant action alleging violations of her civil rights and various state tort claims. Specifically, the plaintiff alleges violations of her Fourth, Eighth[2] and Fourteenth Amendment rights under 42 U.S.C. Section 1983 as well as violations under the Massachusetts Civil

---

[1] The Town of Nantucket "Police Department" is not a proper entity subject to suit under section 1983. See Curran v. City of Boston, 777 F.Supp. 116 (D. Mass 1991); Stratton v. City of Boston, 731 F.Supp. 42 (D.Mass. 1989).

[2] The plaintiffs claims under the Eighth Amendment are somewhat misplaced as generally, the Eighth Amendment forbids the use of cruel and unusual punishment in the prison or pre-trial custody context or as in the via the landmark case of Estelle v. Gamble, 429 U.S. 97 (1976), established that deliberate indifference to the serious medical needs of a convicted prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment and gives rise to a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97 (1976); Johnson v. Summers, 411 Mass. 82 (1991). The requirement of "deliberate indifference" signifies that there is no liability for negligent medical care, or mere medical malpractice. See United States ex rel Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert denied, 396 U.S. 1046 (1970) (Although a permanent injury is not required for Eighth Amendment violations, the Circuits have long held that mere negligent provision of medical care does not constitute an actionable Eighth Amendment violation); City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983); Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996); Mitchell v. Hendricks, 431 F. Supp 1295 (E.D. Pa 1977).

Here, the plaintiff has not alleged a denial of medical attention only the infliction of cruel and unusual punishment.

Rights Act. ("MCRA"). Lastly, the plaintiff also asserts a claim for negligence under the Massachusetts Tort Claims Act. (G.L. c. 258) The defendant, Town of Nantucket now moves for summary judgment as to the plaintiff's state and federal civil rights claims and intentional tort claims.

II.     **ARGUMENT**

    A.     **The Summary Judgment Standard**

Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In fact, the Supreme Court has held:

> ...In our review, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The First Circuit has identified what constitutes a genuine issue of material fact:

> To satisfy the criterion of trial worthiness, and thereby forestall summary judgment, an issue must be "genuine," that is, the evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open-ended to permit a rational fact finder to resolve the issue in favor of either side. National Amusement, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st. Cir. 1995).

This Court must determine if there are genuine issues of material fact. However, only disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To defeat this motion, the plaintiffs cannot state mere conclusions or rely only on the allegations contained in the Complaint. The Supreme Court has stated that "[T]he mere existence of

a scintilla of evidence in support of the plaintiff's opposition will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

Further, once the movant avers an absence of evidence to support the opposing party's claims, the opposing party "must go beyond the allegations of the complaint and present evidence significantly probative and substantial to establish the existence of an issue of fact that is both "genuine" and "material". Sheinkopf v. Stone, 927 F.2d 1259, 1261, 1262 (1st Cir. 1991); See also Feliciano v. State of Rhode Island, 160 F.3d 780,783 (1st Cir. 1998) *citing*, Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d at 25 (1st Cir. 1997). The non-movant cannot simply rest upon mere allegations. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). "Trialworthiness requires not only a 'genuine' issue but also an issue that involves a 'material' fact." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The defendant need only show, that is, point out to the Court, that there is an absence of evidence to support the non-moving party's case. Celotex Corp. at 325. It is clear from the record that there is an absence of evidence to support the plaintiff's claims and therefore said action must be dismissed.

### B. THERE IS NO EVIDENCE OF AN UNLAWFUL CUSTOM OR PRACTICE BY THE TOWN OF NANTUCKET

As the Court is aware, municipal liability under section 1983[3] cannot be based on *respondeat*

---

[3]In enacting the MCRA, the Massachusetts Legislature intended to provide individuals with a remedy coextensive with Section 1983, except that under the MCRA, there is no requirement of state action. Additionally, to recover under the MCRA, an individual must establish that the defendant(s) acts constituted threats, intimidation or coercion. Lyons v National Car Rental Systems, Inc., 30 F.3d 240 (1st Cir. 1994).

*superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997). Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Young v. Providence, 404 F.3d 4 (1st Cir. 2005); Crete v. City of Lowell, 418 F.3d 54, 66 (1st Cir. 2005); Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992). A single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom).

The plaintiff, here, must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

More recently, this Circuit has stated that "assessing liability against the City requires two basic elements: first, that plaintiff's harm was caused by a constitutional violation, and second, that the City be responsible for that violation, an element which has its own components. Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005); citing Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

The Young court went further by adding that "The sorts of Monell claims being alleged here--based on deficient training and hiring that helped cause the constitutional violation suffered by

-4-

[plaintiff] should not be confused with the kind of claim that occurs where a municipal policy itself violates federal rights or directs or authorizes the violation of those rights." See County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 406-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "The standards in the latter sort of cases are quite different." Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005).

The Supreme Court, concerned that municipal liability based on fault by a City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under Monell. The alleged municipal action at issue must constitute a "policy or custom" attributable to a City. See, e.g., Silva v. Worden, 130 F.3d 26, 31-32 (1st Cir.1997). Further, the Supreme Court has imposed two additional requirements: 1) that the municipal policy or custom actually have caused the plaintiff's injury, and 2) that the municipality possessed the requisite level of fault, which is generally labeled in these sorts of cases as "deliberate indifference." See County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); see also Bordanaro v. McLeod, 871 F.2d 1151, 1161-63 (1st Cir.1989). Causation and deliberate indifference are separate requirements, although they are often intertwined in these cases. Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005).

### Failure to Train Allegations

The Supreme Court stated in City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that an allegation of a local government's failure to train police officers who then violate a plaintiff's constitutional rights can be actionable where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" and where "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Id. at 388, 391, 109 S.Ct. 1197; Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998) (Liability criteria for

failure to train claims are "exceptionally stringent").

A training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing. See Canton, 489 U.S. at 391, 109 S.Ct. 1197; Grazier v. City of Philadelphia, 328 F.3d 120, 125 (3d Cir.2003); Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005); Palmquist v. Selvik, 111 F.3d 1332, 1345 (7th Cir.1997) (where town gave police officers some training on handling suspects exhibiting abnormal behavior, argument that even more training should have been given failed); Swain v. Spinney, 117 F.3d 1, 11 (1st Cir.1997) (lack of notice of prior constitutional violations defeats failure-to-train claim); Armstong v. Lamy, 938 F.Supp. 1018 (D.Mass. 1996); (To establish liability of local governmental entity under §§ 1983 for failure to adequately train employees to report and to prevent sexual abuse of students, student must prove entity's failure to train its employees in relevant respect evidenced deliberate indifference to rights of students.)

Here, in the present case, the plaintiff will not be able to show that a custom, practice or policy existed on the part of the Town of Nantucket that violated her civil rights.  Nor will the plaintiff be able to point to any deficiency in training by the Town.  The plaintiff will be unable to affirmatively link any policy or custom to her alleged constitutional violations.   Even if somehow, the plaintiff establishes a violation of her constitutional rights by the co-defendant, Samson, it is well established that the Town cannot be held vicariously liable to the plaintiff under §1983 on the basis of respondeat superior.  Rather the Town may only be liable to the plaintiff if she establishes that Officer Samson's conduct toward her resulted from the Town's adoption or condonation of a custom or policy constituting a "deliberate indifference" to citizens' constitutional rights.  Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 694, (1978); Meehan v. Town of Plymouth, 167

F.3d 85, 92 (1st Cir. 1999).

In an effort to overcome this heavy burden, the plaintiff alleges in her complaint that the Town adopted a deliberate policy or practice of failing to train its officers. The plaintiff, however, can cite absolutely no evidence that the Town actually has adopted or condoned any such policy or practice. To the contrary, evidence gleaned through discovery established that the co-defendant had attended and was certified by the Massachusetts Criminal Justice Training Council following his completion of the reserve academy. The plaintiff will not be able to point to any deficiency in the Town's training program that led to any violation of her civil rights. It is axiomatic that no amount of training offered by the Town could have prevented Officer Samson's alleged acts. Accordingly, the plaintiff's §1983 and MCRA claims against the Town must be dismissed.

### Equal Protection Claims

The Fourteenth Amendment mandates that no State "deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. Amend XIV.. In order to bring a successful equal protection claim, the plaintiff must show that, compared to similarly situated people, she was selectively treated, and that such treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish in the exercise of constitutional rights, or malicious or bad faith intent to injure the plaintiff. Rubinovitz v. Rogato, 60 F.3d 906, 909-910 (1st Cir. 1995); Hayden v. Grayson, 134 F.3d 449 (1st Cir. 1998); (Even evidence of widely disproportionate impact on plaintiff class normally is not enough, standing alone, to establish equal protection violation; rather, plaintiffs must adduce competent evidence of purposeful discrimination)

The plaintiff has no evidence to suggest selective treatment by the defendant or treatment based on impermissible considerations.

Moreover, as in the case of any equal protection claims against the Town, the plaintiff again must prove an "official, custom, practice or policy to violate his civil rights. <u>Monell v. Department of Social Servs. of New York</u>, 436 U.S. 658, 694 (1978). The Town cannot be held vicariously liable in an action under Section 1983 unless its official policy was the "moving force" behind the alleged violation of constitutional rights. <u>Id.</u>.

### C. THE MASS. TORT CLAIMS ACT BARS THE PLAINTIFF'S INTENTIONAL TORT CLAIMS AGAINST THE TOWN OF NANTUCKET (COUNT IV.)

Under the Massachusetts Tort Claims Act, G.L. c. 258 §10(c), municipalities are not liable for:

> "Any claim arising out of an intentional tort, including assault and battery, **false imprisonment,** false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, <u>invasion of privacy</u>, interference with advantageous relations or interference with contractual relations." G.L. c. 258 §10(c)

Public employers are immune from suits arising from intentional torts. <u>Mohr v. Commonwealth</u>, 421 Mass. 147 (1995); <u>Molinaro v. Town of Northbridge</u>, 419 Mass. 278 (1995); <u>Armstrong v. Lamy</u>, 928 F.Supp. 1018 (D.Mass. 1996); <u>Melendez v. City of Worcester</u>, 870 F.Supp. 11 (D.Mass. 1994); <u>Consolo v. George</u>, 835 F.Supp. 49 (D.Mass. 1993).

Accordingly, the plaintiff's intentional tort claims against the Town in Count IV. of her complaint must be dismissed.

## III. CONCLUSION

Based on the above, the defendant respectfully requests that summary judgment enter on its behalf.

Defendant, Town of Nantucket, by its attorneys,

/s/ Douglas I. Lousion
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK & LOUISON
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Douglas I. Louison, hereby certify that on the ___ day of _____, 2007, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to **Bradley Henry, Esquire,** Meehan, Boyle, Black & Fitzgerald, PC, Two Center Plaza, Suite 600, Boston, MA 02108 and **Philip Slotnick, Esquire**, Shocket & Dockser, LLP 6 Huron Drive, PO Box 2219, Natick, MA 01760.

/S/ Douglas I. Louison
Douglas I. Louison