UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11547-RWZ

**LAUREN VARALLO,**
  **Plaintiff,**

v.

**TOWN OF NANTUCKET POLICE**
**DEPARTMENT and JAMES SAMSON,**
  **Defendants**

## TOWN OF NANTUCKET'S PRE-TRIAL MEMORANDUM

The Town of Nantucket submits the following as its final pre-trial memorandum.

1. **TRIAL COUNSEL:**

   | Defendant: | Plaintiff: |
   |---|---|
   | Town of Nantucket | |
   | Douglas I. Louison | Leo Boyle |
   | James W. Simpson, Jr. | Bradley Henry |
   | Merrick, Louison & Costello, LLC. | Meehan, Boyle, Black & Bogdanow, |
   | 67 Batterymarch Street | 2 Center Plaza, Suite 600 |
   | Boston, MA 02110 | Boston, MA 02108 |

   Defendant, James Samson

   Philip Slotnick, Esquire
   Shocket & Dockser, LLP
   6 Huron Drive
   PO Box 2219
   Natick, MA 01760

2. **THE CASE WILL BE TRIED BY A JURY:**

3.	**CONCISE SUMMARY OF THE EVIDENCE:**

**DEFENDANT TOWN OF NANTUCKET:**

The defendant, Town of Nantucket, expects the evidence to show that n July 21, 2002, the plaintiff, Lauren Varallo, was transported to the Nantucket Cottage Hospital by ambulance following a 911 call by her parents. The plaintiff had inflicted wounds to herself while at home. The 911 call was handled by the Town of Nantucket dispatch and the Fire Department ambulance was dispatched to the plaintiff's residence.

The plaintiff was admitted by hospital staff for observation for intoxication and for major depression.. Admission time was approximately 12:30 a.m. Nursing personnel from Nantucket Cottage Hospital contacted the Nantucket Police Department on two occasions to arrange for a police detail to assist in the observation of the plaintiff at the hospital.

The Nantucket Police Department from time to time has placed individuals in protective custody/arrest and transported them to Nantucket Hospital for observation and/or medical treatment. These individuals are in police custody.

Sgt. Christine Lander attempted to fill the detail request but, could not find anyone to go on the detail. Details are generally filled by going down a detail list which contains officers names based on seniority. If the department is unable to fill a position using full time staff, summer officers are used to fill a position.

Then summer police officer, James Samson, came into the station and volunteered to fill the detail assignment at the hospital. He arrived at the hospital at about 2:30 a.m.

The plaintiff was never placed in protective custody by the Nantucket Police Department but, was a patient of the hospital. The defendant, James Samson was never informed that the plaintiff was in protective custody but rather, that she [plaintiff] was under a watch because she tried to harm herself.

The defendant, James Samson had received greater training than was generally required to hold the position as a summer reserve police officer. Samson had attended the Massachusetts Reserve Officer Criminal Justice Training Council Academy. Prior to hiring, candidates for summer reserve positions are interviewed, submit an application and criminal history checks are conducted.

The defendant, James Samson, was a productive officer during his tenure with no criminal history and had completed the Reserve Officer Criminal Justice Training Council Academy.

4.  **STATEMENT OF STIPULATED FACTS:**

    The plaintiff was transported to Nantucket Hospital on July 21, 2002 where she was held for observation.

5.  **CONTESTED ISSUES OF FACT:**

    A.  Whether the Town of Nantucket had an custom practice or policy in place that violated the plaintiff's civil rights?

    B.  Whether there was a direct link between the policy statement or custom of the Town of Nantucket and the alleged constitutional violation(s)?

    C.  Whether the Town of Nantucket was deliberately indifferent to the rights of the plaintiff?

    D.  Whether the alleged failure to train then summer Officer Samson by the Town of Nantucket amounted to deliberate indifference to the rights of persons with whom he came into contact?

    E.  Whether the Town of Nantucket negligently hired or trained then summer Officer Samson?

    F.  Whether the alleged negligence on behalf of the Town of Nantucket was the proximate cause of the plaintiff's injuries?

6.  **JURISDICTIONAL QUESTIONS:**

    None.

7.  **ISSUES OF LAW:**

    The Nantucket Defendant has filed a partial motion for summary judgment which is pending before the Court.   The plaintiff has yet to file an opposition to said motion.

    The defendant, Samson, who previously pled guilty to a criminal charge arising out of the underlying incident has subsequently, repudiated his plea, asserting at his deposition, that he in fact did not commit the underlying act.

8.  **AMENDMENTS TO PLEADINGS:**

    None.

9. **ADDITIONAL MATTERS:**

   The defendant, Town of Nantucket has filed a partial motion for summary judgment.

10. **PROBABLE LENGTH OF TRIAL:**

    5 days.

11. **TRIAL WITNESSES:**

    **DEFENDANT: TOWN OF NANTUCKET**

    1. Kristie Stolgitis.
    2. Jerome Mack, Det,. Nantucket Police Department.
    3. Jerry Adams, Det, Nantucket Police Department.
    4. James Samson.
    5. Jane Bonvini.
    6. Christine Ladner, Sgt., Nantucket Police Department.
    7. Randolph Norris (Ret) Chief, Nantucket Police Department.
    8. Charles Gibson, Deputy Chief, Nantucket Police Department.
    9. C. Elizabeth Gibson, Town of Nantucket.
    10. John F. McGrady, Jr., Deputy Chief, Nantucket Police Department.
    11. Jill Kennedy.
    12. Martha Greenfield.
    13. Nancy Luchini.
    14. Melissa Mullen.
    15. f/n/u Hinson, M.D.
    16. Kimberly A. Squier, Trooper, Massachusetts State Police.
    17. William J. Burke, Sgt.,Massachusetts State Police.
    18. Charles A. Morano, Esquire.
    19. Philip A. Tracy, Jr., Esquire.
    20. John Muhr, Nantucket Police Department.
    21. John Welch, Nantucket Police Department.
    22. Suzanne Gale, Nantucket Police Department.

12. **DEPOSITION/DISCOVERY EVIDENCE TO BE OFFERED AT TRIAL:**

    None reasonably contemplated.

13. **VOIR DIRE/JURY INSTRUCTIONS:**

    Counsel for each party will file their respective voir dire and jury instructions under

separate cover.

14. **MOTIONS IN LIMINE:**

   None at this time.

                                                The Defendant, Town of Nantucket,

                                                By its attorneys,

                                                /s/Douglas I. Louison
Douglas I. Louison, BBO #545191
James W. Simpson, Jr. #634344
Merrick, Louison & Costello, LLC.
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305