UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN VARALLO,<br>                    Plaintiff,<br>v.<br>TOWN OF NANTUCKET - POLICE DEPARTMENT and JAMES SAMSON,<br>                    Defendants. | CIVIL ACTION<br>NO: 05-11547-RWZ |

## PLAINTIFF'S OPPOSITION TO DEFENDANT TOWN OF NANTUCKET'S MOTION TO CONTINUE TRIAL TO SEPTEMBER OR OCTOBER 2007

Plaintiff Lauren Varallo hereby opposes the motion of defendant Town of Nantucket to continue the previously scheduled trial of this matter from May 29, 2007 until at least September or October 2007. As grounds for her opposition, plaintiff states as follows:

### BRIEF BACKGROUND

1. At a status conference in this matter held March 22, 2007, this Court scheduled the trial of this matter to commence on May 29, 2007.

2. At that conference, counsel for the defendant Town of Nantucket expressed opposition to a May 2007 trial because he had planned to file a motion for partial summary judgment and wished it to be heard and ruled upon. After brief discussion on the nature of the proposed motion, the Court indicated that counsel could file his motion if he so chose, but declined to schedule a date for filing or hearing. Instead, after considering possible trial dates in June, none of which were acceptable to the defendant, and acknowledging plaintiff's opposition to a trial date as late as September or October 2007, the Court selected May 29, 2007.

3. Then, on May 1, 2007, the defendant Town filed a Motion to Continue the trial based upon a subsequent pre-trial conference in a state court case.

4. In subsequent exchanges regarding the trial date, plaintiff indicated that, in light of the defense counsel's schedule, she would be willing to agree to reschedule the trial to a date in June 2007. However, the only available date on the docket was June 4, 2007 and defense counsel indicated that he would likely still be in trial in the state court case.

5. So, inquiring again of the Court, the parties learned that while the month of July 2007 was not available for the instant trial, much of the month of August 2007 was available and, after consultation, plaintiff stated her willingness to change her travel plans from May 2007 to August 2007 to accommodate the defendant's request for a continuance based on defense counsel's state court trial.

6. This compromise was unacceptable to the defendant purportedly because August was a "busy month" and the Town was therefore unwilling to make its personnel available for the trial. In fact, according to defense counsel, the only dates to which the Town would agree were the same September and October dates he originally proposed at the March 2007 conference.

## ARGUMENT

Even though the instant trial set for May 29, 2007 was scheduled first, plaintiff was willing to agree to a continuance to allow the defendant's counsel to conduct a later-scheduled criminal case. However, her proposal for a June 2007 trial date was rejected on the basis of the same trial and all *four weeks* available in August 2007 were rejected on grounds that the Town was "too busy" to make its personnel available at that time. Consequently, plaintiff was left with no choice but to oppose the defendant's attempt to, again, delay this trial until the Autumn.

Plaintiff submits that the Town's unwillingness to compromise on a mutually acceptable trial date in the face of the Town's own request for a continuance based upon the availability of

its selected counsel is unreasonable and should be rejected. Plaintiff was willing to agree to reschedule the trial date as the defendant requested, but is unwilling to forgo a trial date in the first two weeks of August -- dates which are believed to be available to the Court -- merely because the defendant Town is "too busy" to appear.

Consequently, plaintiff respectfully requests that, if the current trial date is to be rescheduled to accommodate a later-scheduled trial date of the defendant Town's selected counsel, then the trial be rescheduled for a date no later than early-to-mid August. Otherwise, plaintiff requests that the Court keep to the currently scheduled trial date of May 29, 2007.

>Respectfully submitted,
>PLAINTIFF LAUREN VARALLO,
>By her attorneys,
>
>*/s/ Bradley M. Henry*
>_____
>Bradley M. Henry, BBO No. 559501
>Suleyken D. Walker, BBO No. 654933
>MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.
>Two Center Plaza - Suite 600
>Boston, MA 02108-1922
>PH: 617-523-8300

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, certify that on May 15, 2007, I served the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT TOWN OF NANTUCKET'S MOTION TO CONTINUE TRIAL TO SEPTEMBER OR OCTOBER 2007 by electronic filing and by mailing an exact copy thereof, postage prepaid to all parties of record: Douglas I. Louison, Esq., Merrick, Louison & Costello, LLP, 67 Batterymarch St., Boston, MA 02110 and Philip Slotnick, Esq., Shocket & Dockser, LLP, 6 Huron Dr., P.O. Box 2219, Natick, MA 01760.

>*/s/ Bradley M. Henry*
>_____
>Bradley M. Henry