UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11547RWZ

LAUREN VARALLO
    Plaintiff,

v.

TOWN OF NANTUCKET POLICE
DEPARTMENT and JAMES SAMSON,
    Defendant,

**DEFENDANT, TOWN OF NANTUCKET POLICE DEPARTMENT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF THE CASE**

The plaintiff has brought the instant action alleging violations of her civil rights and various state tort claims. Specifically, the plaintiff alleges violations of her Fourth, Eighth and Fourteenth Amendment rights under 42 U.S.C. Section 1983 as well as violations under the Massachusetts Civil Rights Act. ("MCRA"). Lastly, the plaintiff also asserts a claim for negligence under the Massachusetts Tort Claims Act. (G.L. c. 258) The defendant, Town of Nantucket, moved for summary judgment as to the plaintiff's state and federal civil rights claims and intentional tort claims to which the plaintiff responded to same. The defendant now submits its reply.

**II.    ARGUMENT**

**THERE IS NO EVIDENCE THAT A DECISION BY A FINAL POLICYMAKER VIOLATED THE PLAINTIFF'S CIVIL RIGHTS**

The plaintiff's opposition to the defendant, Town of Nantucket's motion or partial summary judgment now specifically articulates the basis for attempting to hold the Town liable under § 1983. Paraphrasing, the plaintiff claims that the decision by dispatch officers to assign the defendant

Samson to the detail at the Nantucket Hospital was violative of her civil rights due to the fact that it was a "highly predictable risk" that a woman's constitutional right to bodily integrity would be violated." Plaintiff's opposition page 9. The plaintiff further argues that the Town knew or should have known that there was a need for such a policy prohibiting male officers from guarding female detainees. Thus, based on a single incident the plaintiff believes it has netted the Town within the grasp of a civil rights violation.

Notwithstanding the plaintiff's argument to the contrary, the traditional rule governing municipal liability is that a single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom). The plaintiff cites Judge Young's opinion in Putnam v. Town of Saugus, 365 F.Supp. 2d. 151 (D.Mass. 2005) as contrary to this traditional view. Judge Young in analyzing the debate over municipal liability under § 1983 said:

> "The Supreme Court revisited this issue in *Board of the County Comm'rs v. Brown*, 520 U.S. at 404, 117 S.Ct. 1382. Elaborating on its decision in *Pembaur,* the Supreme Court noted that it is not enough for an imposition of municipal liability to simply identify conduct properly attributable to the municipality. *Id.* Rather, it must be shown that ""through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."" *Id.* Proof that a municipality's ""authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right"" the Court held, ""necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken by the ... authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains."" *Id.* at 405, 117 S.Ct. 1382.

Putnam v. Town of Saugus, 365 F.Supp. 2d. 151, 178-182 (D.Mass. 2005).

The First Circuit however, went even further by adding in Baron v. Suffolk County Sheriff's

Department, 402 F.3d. 225 (1st. Cir. 2005) " it is only a policy made by the *final* policymaker that exposes a municipality to liability." citing *Silva v. Worden,* 130 F.3d 26, 31 (1st Cir.1997) (explaining that municipal liability for acts taken pursuant to a policy "'attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered'"); see also, Fabiano v. Hopkins, 352 F.3d 4 (1st Cir. 2005)(single decision is insufficient predicate for municipal liability because it cannot constitute a "policy")

  Here, in the present case, even if the decision to send a male officer as opposed to a female officer to monitor the plaintiff was violative of the plaintiff's civil rights, (which the defendant denies) said decision was not made by a final policymaker of the municipality. The decision to send then Officer Samson to the hospital was made by Sgt. Ladner who was hardly the "final policymaker" for the Town of Nantucket or its police department.

  As for the failure to have such a policy prohibiting or discouraging such male to female supervision, the plaintiff fares no better. Aside from some cursory citations to studies regarding police sexual misconduct in the law enforcement community, her brief and expert fail wholeheartedly to identify, cite or refer to any established, recognized or nationally followed policy/procedure which prohibits male police officers from being assigned to work in a setting similar to the incident at hand. To the contrary, there is ample precedent and established practice that such scenarios are not only commonplace, but not violative of any established or accepted law enforcement policy or procedure. See defendant's expert disclosure of Captain Daniel Wicks. Exhibit "A". The Town's alleged failure to have such a policy or failing to train officers in this situation, does not amount to deliberate indifference to the plaintiff's civil rights. A training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make

such a showing. See Canton, 489 U.S. at 391, 109 S.Ct. 1197; Grazier v. City of Philadelphia, 328 F.3d 120, 125 (3d Cir.2003); Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005); Palmquist v. Selvik, 111 F.3d 1332, 1345 (7th Cir.1997) (where town gave police officers some training on handling suspects exhibiting abnormal behavior, argument that even more training should have been given failed);  Swain v. Spinney, 117 F.3d 1, 11 (1st Cir.1997) (lack of notice of prior constitutional violations defeats failure-to-train claim); Armstong v. Lamy, 938 F.Supp. 1018 (D.Mass. 1996); (To establish liability of local governmental entity under §§ 1983 for failure to adequately train employees to report and to prevent sexual abuse of students, student must prove entity's failure to train its employees in relevant respect evidenced deliberate indifference to rights of students.)

As such, the plaintiff's civil rights claims against the Town must be dismissed.

### III.  CONCLUSION

Wherefor, the defendant respectfully requests the its motion for summary judgment be allowed.

Defendant, Town of Nantucket, by its attorneys,

/s/ Douglas I. Lousion
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK & LOUISON
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

CERTIFICATE OF SERVICE

I, Douglas I. Louison, hereby certify that on the ___ day of _____, 2007, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to **Bradley Henry, Esquire,** Meehan, Boyle, Black & Fitzgerald, PC, Two Center Plaza, Suite 600, Boston, MA 02108

and **Philip Slotnick, Esquire**, Shocket & Dockser, LLP 6 Huron Drive, PO Box 2219, Natick, MA 01760.

/S/ Douglas I. Louison
Douglas I. Louison