UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11547-RWZ

LAUREN VARALLO,
    Plaintiff,

v.

TOWN OF NANTUCKET POLICE
DEPARTMENT and JAMES SAMSON,
    Defendants

## TOWN OF NANTUCKET'S PRE-TRIAL MEMORANDUM

The Town of Nantucket submits the following as its final pre-trial memorandum.

1. **TRIAL COUNSEL:**

| Defendant: | Plaintiff: |
|---|---|
| Town of Nantucket | |
| Douglas I. Louison | Leo Boyle |
| Regina M. Ryan | Bradley Henry |
| Merrick, Louison & Costello, LLC. | Meehan, Boyle, Black & Bogdanow, |
| 67 Batterymarch Street | 2 Center Plaza, Suite 600 |
| Boston, MA 02110 | Boston, MA 02108 |

Defendant, James Samson

Philip Slotnick, Esquire
Shocket & Dockser, LLP
6 Huron Drive
PO Box 2219
Natick, MA 01760

2. **THE CASE WILL BE TRIED BY A JURY:**

3.  **CONCISE SUMMARY OF THE EVIDENCE:**

    **DEFENDANT TOWN OF NANTUCKET:**

    The defendant, Town of Nantucket, expects the evidence to show that on July 21, 2002, the plaintiff, Lauren Varallo, was transported to the Nantucket Cottage Hospital by ambulance following a 911 call by her parents. The plaintiff had inflicted wounds to herself while at home. The 911 call was handled by the Town of Nantucket dispatch and the Fire Department ambulance was dispatched to the plaintiff's residence.

    The plaintiff was admitted by hospital staff for observation for intoxication and for major depression.. Admission time was approximately 12:30 a.m. Nursing personnel from Nantucket Cottage Hospital contacted the Nantucket Police Department on two occasions to arrange for a police detail to assist in the observation of the plaintiff at the hospital.

    Then summer police officer, James Samson, came into the station and volunteered to fill the detail assignment at the hospital. He arrived at the hospital at about 2:30 a.m.

    The plaintiff was never placed in protective custody by the Nantucket Police Department but, was a patient of the hospital. The defendant, James Samson was never informed that the plaintiff was in protective custody but rather, that she [plaintiff] was under a watch because she tried to harm herself.

    The defendant, James Samson had received greater training than was generally required to hold the position as a summer reserve police officer. Samson had attended the Massachusetts Reserve Officer Criminal Justice Training Council Academy. Prior to hiring, candidates for summer reserve positions are interviewed, submit an application and criminal history checks are conducted.

    The defendant, James Samson, was a productive officer during his tenure with no criminal history and had completed the Reserve Officer Criminal Justice Training Council Academy.

4.  **STATEMENT OF STIPULATED FACTS:**

    The plaintiff was transported to Nantucket Hospital on July 21, 2002 where she was held for observation.

5.  **CONTESTED ISSUES OF FACT:**

    Whether the Town of Nantucket was negligent on July 21, 2002

   Whether the alleged negligence on behalf of the Town of Nantucket was the proximate cause of the plaintiff's injuries?

6.  **JURISDICTIONAL QUESTIONS:**

None.

7.  **ISSUES OF LAW:**

Whether the Town of Nantucket is immune from liability pursuant to G.L . 258, the Massachusetts Tort Claims Act.

8.  **AMENDMENTS TO PLEADINGS:**

None.

9.  **ADDITIONAL MATTERS:**

The defendant, Town of Nantucket has filed a Motion to Preclude the Plaintiff's Expert from Testifying at Trial.

10.  **PROBABLE LENGTH OF TRIAL:**

3-5 days.

11.  **TRIAL WITNESSES:**

  **DEFENDANT:  TOWN OF NANTUCKET**

1. Kristie Stolgitis.
2. Jerome Mack, Det,. Nantucket Police Department.
3. Jerry Adams, Det, Nantucket Police Department.
4. James Samson.
5. Jane Bonvini.
6. Christine Ladner, Sgt., Nantucket Police Department.
7. Randolph Norris (Ret) Chief, Nantucket Police Department.
8. Charles Gibson, Deputy Chief, Nantucket Police Department.
9. C. Elizabeth Gibson, Town of Nantucket.
10. John F. McGrady, Jr., Deputy Chief, Nantucket Police Department.
11. Jill Kennedy.
12. Martha Greenfield.
13. Nancy Luchini.
14. Melissa Mullen.

15. f/n/u Hinson, M.D.
16. Kimberly A. Squier, Trooper, Massachusetts State Police.
17. William J. Burke, Sgt., Massachusetts State Police.
18. Charles A. Morano, Esquire.
19. Philip A. Tracy, Jr., Esquire.
20. John Muhr, Nantucket Police Department.
21. John Welch, Nantucket Police Department.
22. Suzanne Gale, Nantucket Police Department.

12. **DEPOSITION/DISCOVERY EVIDENCE TO BE OFFERED AT TRIAL:**

    None reasonably contemplated.

13. **VOIR DIRE/JURY INSTRUCTIONS:**

    Counsel for each party will file their respective voir dire and jury instructions under separate cover.

14. **MOTIONS IN LIMINE:**

    Motion to Preclude Plaintiff's Expert Witness.

    Defendant, TOWN OF NANTUCKET,
    By its attorney,

    /s/ Regina M. Ryan
    Douglas I. Louison (BBO # 545191)
    Regina M. Ryan (BBO #565246)
    MERRICK, LOUISON & COSTELLO
    67 Batterymarch Street
    Boston, MA 02110
    (617) 439-0305

CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 14th day of August, 2007, I served the foregoing by electronic filing, directed to **Bradley Henry, Esquire,** Meehan, Boyle, Black & Fitzgerald, PC, Two Center Plaza, Suite 600, Boston, MA 02108 and **Philip Slotnick, Esquire**,

Shocket & Dockser, LLP 6 Huron Drive, PO Box 2219, Natick, MA 01760.

/s/ Regina M. Ryan
Regina M. Ryan