UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-111547RWZ

LAUREN VARALLO
    Plaintiff,

v.

TOWN OF NANTUCKET POLICE
DEPARTMENT and JAMES SAMSON,
    Defendant,

## DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF IT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EXPERT PAUL J. MACKOWSKI

The defendant, Town of Nantucket requests that this Court preclude plaintiff's expert witness, Paul J. Mackowski from testifying at trial.

The plaintiff has identified Paul J. Macowski as her liability expert. Specifically, the plaintiff's expert report states that Mr. Macowski will opine (1) to the meaning of "protective custody" in the field of law enforcement (Please see plaintiff's liability disclosure.) ; (2) to the training, policies, procedures, customs and practices used by police departments to protect the rights of females in protective custody on the one hand, and individual police officers and the departments on the other hand (Please see plaintiff's liability disclosure.) ; (3) to police work that is at least in part paid for by a third-party, sometimes referred to as "details". Specifically, that details do not define the relationship between an officer and a person in custody during or as a result of police services performed on the detail and that a department may decline a call to take a detail. (Please see plaintiff's liability disclosure.) ; (4) to the law enforcement community's awareness of the problem of sexual misconduct by police officers (Please see

1

plaintiff's liability disclosure.) ; (5) to the Nantucket Police Department's failure to have in place clear policies and practices concerning the assignment of male officers to supervision of women in protective custody and how it is contrary to standard practices and is negligent and reckless in its failure to anticipate the possibility of police sexual misconduct; (6) to the Nantucket Police Department's assignment of Officer Samson to protective custody of a young, intoxicated woman in an unsupervised setting, and its failure to follow the most basic procedures for investigating an allegation of sexual assault (Please see plaintiff's liability disclosure.); and lastly, (7) to how Sergeant Ladner should have immediately given formal notice to the Department's designated "rape officer" once she learned of the allegations against Samson (Please see plaintiff's liability disclosure.)

     Mr. Macowski was a Medford, Massachusetts police officer for 22 years. He also has a consulting firm, The M Group, that specializes in law enforcement training, program consulting and private investigation services. Id.

     Mr. Mackowski does not identify any cases that he has previously testified to as an expert nor does he identify any articles or publications that he has written regarding these particular areas of law enforcement in the Plaintiff's Expert Disclosure. Id.

**I.    ARGUMENT**

    **A.    THE EXPERT TESTIMONY OF PAUL J. MACKOWSKI MUST BE EXCLUDED AS THE PROFFERED TESTIMONY IS NOT ADMISSIBLE AS SCIENTIFIC OR TECHNICAL EVIDENCE UNDER FRE 702, *Daubert v. Merrill Dow Pharmaceuticals, Inc.* and *Kumho Tire Co., Ltd. v. Carmichael***

     In determining whether or not the plaintiff's expert, Paul J. Mackowski should be permitted to testify concerning the above identified topics, this Court must apply FRE 702 as well as the Daubert and Kumho standards. Saia v. Sears Roebuck and Co., Inc. et. al., 47

F.Supp. 2nd 141(D.Mass. 1999). As the Court is aware, FRE 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. FRE 702

The Supreme Court in Daubert established a two-part test, requiring the Court to determine whether the proffered expert evidence is both reliable and relevant. Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The test for reliability of the evidence particularly in scientific fields required a four part inquiry: (1) can the theory or technique at issue be tested: (2) has the theory or technique been subject to peer review; (3) does the theory or technique have a known error rate; and (4) has the theory or technique been generally accepted in the relevant scientific community. Daubert 509 U.S. at 591-95. Relevance the Court stated, requires a determination as to whether the evidence will assist the jury in determining the existence of any fact of consequence. Id. at 591-593. Relevancy and reliability still must be factored against FRE 403's balancing of probative value versus prejudice, confusion of the issues, misleading to the jury, undue delay, waste of time or needless presentation of cumulative evidence. FRE 403.

The Supreme Court in Kumho Tire Co., Ltd. v. Carmichael, 199 S.Ct. 1167, 1171 (1999), concluded that "Daubert's general holding, setting forth the trial judge's general 'gatekeeping' obligation, applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Saia v. Sears Roebuck and Co., Inc. et. al., 47 F.Supp. 2nd 141(D.Mass. 1999) quoting Kumho Tire Co., Ltd. v. Carmichael, 199 S.Ct. 1167, 1171 (1999). See also Ed Peters Jewelry Co.,Inc. V. C & J Jewelry Co.,Inc., 124 F.3d 252 (1st Cir. 1997) (expert testimony must involve specialized knowledge); Schubert v.

3

Nissan Motor Corp., 148 F.3d 25 (1st Cir. 1998) (Expert opinion must be based on factually adequate foundation for the testimony); Oglesby v. General Motors Corp., 190 F.3d 244 (4th Cir.1999) (Court must determine that proposed expert testimony is reliable and relevant); United States v. Hines, 55 F.Supp.2d 62(D.Mass. 1999) .

    As the Supreme Court has indicated in Daubert and Kumho, the ability to verify a hypothesis is at the core of a court's inquiry.  Saia v. Sears Roebuck and Co., Inc. et. al., 47 F.Supp. 2nd 141(D.Mass. 1999).  In the present case, this is exactly the problem that the testimony of Paul J. Mackowski presents.  By his testimony, Mr. Mackowski will be offering pure conjecture which is not based on reliable facts or data.   His opinion does not disclose and reflect the reliability of the information upon which he basis his conclusions.  Nor do his opinions sufficiently demonstrate that the materials upon which he relies on meet the standards applied by experts in his specific area.  SMS Systems Maintenance Services, Inc. v. Digital Equipment Corp., 188 F.3d 11 (1st Cir. 1999).  In fact, his report cites no

    Mr. Mackowski's subjective testimony or theories are entirely speculative and not capable of (1) being tested: (2) being subjected to peer review; and (3) being accepted in the relevant scientific or technical community.  To allow Mr. Mackowski to testify as to an unreliable and speculative subject is contrary to the principles espoused in Daubert/Kumho.

    Further, Mr. Mackowski's testimony will not assist the jury in understanding the evidence or determining any facts in issue.  Any determination of whether the Town of Nantucket was negligent can be calculated independently by the jury without the assistance and confusion of Mr. Mackowski's proffered testimony.  The probative value of his testimony is easily outweighed by the balancing factors under FRE 403.  Accordingly, any testimony by Mr.

Mackowski as outlined in Plaintiff's expert disclosure.

      2.     **<u>The Plaintiff's Expert Is Not Qualified to Testify as an Expert.</u>**

Next, the defendant, Town of Nantucket asserts that the plaintiff's expert is not qualified to testify as an expert in the specific areas of law enforcement he has identified.

In <u>Berry v. City of Detroit</u>, 25 F.3d 1342 (1994), the Court held that a City police officer lacked qualifications to testify as an expert witness based on the fact that he had not testified to having made personal observations regarding disciplinary issues. The issue with regard to expert testimony is not qualifications of witness in abstract, but whether those qualifications provide foundation for a witness to answer specific questions. <u>Id</u>.

In a similar case, <u>West by and through Norris v. Waymire</u>, 114 F.3d 646 (1997) the Court precluded witness testimony to show that the negligence of a municipality in supervising its officers constituted a municipal policy of refusing to protect teenage girls from sexual depredations of the Town's police officers.

Mr. Mackowski intends to testify to issues including but not limited to protective custody, police details, municipal policies and procedures, and knowledge in the police community regarding sexual misconduct amongst police officers.

The defendant, Town of Nantucket asserts that Paul J. Macowski lacks the expertise in the area of his testimony. Mr. Mackowski was a patrolman for the City of Medford for 22 years. There is nothing in his expert report that states that he has been a police academy instructor, that he has authored any articles or publications, that he has attended or taught any seminars or that he even has first hand knowledge of the very specific topics identified in the expert disclosure. Lastly, there is nothing in his expert report which indicates that he has ever been qualified as an

expert witness or ever provided expert testimony.

Mr. Mackowski speculates on the opinions he offers and does not provide any basis for these opinions. His opinions do not assist the jury in teaching ultimate fact determinations.

Accordingly, Mr. Mackowski is not qualified to testify or opine to the areas of law enforcement as outlined in the plaintiff's expert disclosure.

### III.   CONCLUSION

For the reasons outlined above, the defendants respectfully request that his motion in limine to exclude the testimony of Mr. Mackowski be allowed based on Daubert/Kumho and the fact that he is not qualified to testify.

Defendant, TOWN OF NANTUCKET,
By its attorney,


/s/ Regina M. Ryan
Douglas I. Louison (BBO # 545191)
Regina M. Ryan (BBO #565246)
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


### CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 14th day of August, 2007, I served the foregoing by electronic filing, directed to **Bradley Henry, Esquire,** Meehan, Boyle, Black & Fitzgerald, PC, Two Center Plaza, Suite 600, Boston, MA 02108 and **Philip Slotnick, Esquire**, Shocket & Dockser, LLP 6 Huron Drive, PO Box 2219, Natick, MA 01760.

/s/ Regina M. Ryan

                                              Regina M. Ryan