UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

LAUREN VARALLO,
                      Plaintiff,
v.

TOWN OF NANTUCKET - POLICE
DEPARTMENT and JAMES SAMSON,

                      Defendants.

CIVIL ACTION
NO: 05-11547-RWZ

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ENTRY OF
PARTIAL SUMMARY JUDGMENT AND REQUEST FOR HEARING**

In accordance with the Court's instruction at the August 16, 2007 Pre-Trial Conference and its willingness to entertain a motion for reconsideration of entry of partial summary judgment on certain claims against defendant Town of Nantucket, plaintiff hereby moves for reconsideration and requests oral argument.[1]  Specifically, plaintiffs request that the Court reconsider its dismissal of Count III of the plaintiff's Complaint which asserts that, like its Summer Officer James Samson, the Town may also be held liable for constitutional violations.[2]

In its motion, the Town could not claim that there were no genuine issues of material fact to be tried to a jury or that the factual or legal allegations of Count III were insufficient or unsupported.  Rather, the Town argued that no reasonable jury could find it liable for constitutional violations with respect to the sexual assault upon the plaintiff by the Summer Police Officer assigned to protective custody over her.

The Court's ruling on Count III provides that "neither the facts alleged nor the law upon which these claims are premised support the claims."  However, facts and legal claims alleged in

---

[1]  The ruling on the Town's motion for partial summary judgment entered without oral argument, so if the Court grants plaintiff's request for argument at this juncture, it will be the first hearing on these issues.

[2]  By limiting argument here to the Court's ruling on Count III, plaintiff does not mean to concede or waive her position or rights as to other issues addressed in the Court's ruling.

a Complaint are required only to fairly meet the requirements of notice pleading and are broadly construed. *See McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 50 (1st Cir. 2005) (claim should not be dismissed based on allegations of Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim ...")

As appears in the original submissions, facts developed during discovery and the reports of the liability experts, all of which underlie the plaintiff's legal claims, are in serious dispute. Testimony from the Town's own personnel is in conflict even over whether the Department had *any* policy that governed male-to-female protective custodies. As set forth in plaintiff's Opposition, the Town may be liable if a jury finds that its failure to have a policy that prevented (except, perhaps, in exigent circumstances) a male officer from standing guard for several hours alone in a room over a female detainee showed a deliberate indifference to her constitutional right to bodily integrity. *City of Canton v. Harris*, 489 U.S. 378 (1989); *Young v. City of Providence,* 404 F.3d 4 (1st Cir. 2005). The Town would likewise be liable if a jury finds that there *was* such a policy, but that the Department was deliberately indifferent because that policy was inadequate or no one received training relating to it. *Gibson v. City of Chicago*, 910 F.2d 1510, 1521 (7th Cir. 1990); *Doe v. Calumet City,* 754 F. Supp. 1221, 1222 (N.D. Ill. 1990) (male strip searches of female detainees).

A jury could find deliberate indifference because one clearly predictable consequence of the Department's failure was that, without safeguards, an officer might sexually abuse a female in custody. This is the very reason police departments across the country call for matrons or female officers to conduct searches of female detainees, why male officers are generally not to be alone in a cell with a female detainee, why male officers are strictly limited in lone transport of

female detainees. The jury need not find that such misconduct would, or did, happen often, but only that the Department reasonably should have known it was a sufficiently obvious danger to guard against with proper policies and training. The facts that underlie plaintiff's legal claims are sufficiently disputed that a reasonable jury could find that the Town was deliberately indifferent to her constitutional rights in assigning an inadequately trained, unsupervised and unmonitored Summer Officer to sit at her bedside for several hours during a protective custody.

## CONCLUSION AND REQUEST FOR HEARING

WHEREFORE, plaintiff respectfully requests that the Court reconsider its ruling on the Town's motion for partial summary judgment and schedule a hearing on the issues prior to the commencement of trial. No delay in trial should result from such reconsideration or the reinstitution of plaintiffs' constitutional claims against the Town since the evidence expected to be present ed the jury is essentially the same as to plaintiff's ongoing negligence claims.

Respectfully submitted,
PLAINTIFF LAUREN VARALLO, By her attorneys,

*/s/ Bradley M. Henry*
_____
Bradley M. Henry, BBO No. 559501
Suleyken D. Walker, BBO No. 654933
MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.
Two Center Plaza - Suite 600
Boston, MA 02108-1922
PH: 617-523-8300

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, certify that on August 17, 2007, I served the foregoing Plaintiff's Motion for Reconsideration of Entry of Partial Summary Judgment and Plaintiff's Request For Hearing, by electronic filing and by mailing an exact copy thereof, postage prepaid to all parties of record: Douglas I. Louison, Esq., Merrick, Louison & Costello, LLP, 67 Batterymarch St., Boston, MA 02110 and Philip Slotnick, Esq., Shocket & Dockser, LLP, PO Box 2219, Natick, MA 01760.

*/s/ Bradley M. Henry*
_____
Bradley M. Henry